UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAM PIANELLO,

                Petitioner,

-v-

                No. 05 Civ. 5686 (LTS)(AJP)
                No. 04 Crim. 0014 (LTS)

UNITED STATES OF AMERICA,

                Respondent.

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER

Petitioner Adam Pianello ("Petitioner" or "Pianello"), who was convicted of conspiracy upon a plea of guilty and is serving a sentence of 24 months of imprisonment, moves pro se, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence. The Court has thoroughly reviewed Pianello's submissions in connection with his Section 2255 petition. Because the motion and the files and records of the case conclusively show that Pianello is not entitled to relief, the Court did not direct the service of notice of Pianello's petition upon the United States Attorney. See 28 U.S.C.A. § 2255 (West 1996). Petitioner's motion is denied for the following reasons.

## BACKGROUND

On May 14, 2004, Petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit mail, wire, and securities fraud, in violation of 18 U.S.C. § 371. Sentence was imposed on Petitioner in accordance with the applicable United States Sentencing

Copies mailed to Pro Se π & Gov't.
Chambers of Judge Swain

Guidelines ("Guidelines"), pursuant to Guidelines calculations that included an upward offense level adjustment reflecting the loss amount incurred by his victims as a result of Petitioner's offense. Petitioner's plea agreement included a stipulation as to the amount of the aggregate loss to be taken into account for Guidelines purposes, as well as to the offense level increase attributable to that loss amount. Pianello specifically acknowledged this provision of his plea agreement, and the effect of the loss amount on Guidelines calculations, during his allocution before the Court. (Tr. of May 14, 2004 proceedings ("Plea Tr.") at 19.) The plea agreement also included a provision expressly waiving Petitioner's rights to directly appeal, or litigate under 28 U.S.C. § 2255 and/or 28 U.S.C. § 2245, his sentence, and Pianello acknowledged that provision of the agreement in his plea allocution as well. (Plea Tr. at 20.)

Pianello was subsequently sentenced by this Court principally to 24 months imprisonment, and final judgment in this matter was entered on September 20, 2004. At the sentencing hearing Petitioner, through his counsel, expressly admitted that the victims identified in the presentence report suffered the losses enumerated in that report, which totaled $30,803.81. (Tr. of Sept. 17, 2004 proceedings ("Sent. Tr.") at 3, 5-6.) Petitioner also expressly waived any objections or issues arising from the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and consented to be sentenced pursuant to the Guidelines. (Sent. Tr. at 5.)

On January 6, 2005, Petitioner filed a motion to file a direct appeal of his sentence out of time, which motion was denied by this Court on April 5, 2005. The instant motion was received by the Pro Se Office of this Court on June 13, 2005.

## DISCUSSION

Under 28 U.S.C. § 2255, "[a] prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . may move the court . . . to vacate, set aside or correct the sentence." 28 U.S.C.A. § 2255 (West 1996). In his motion papers, Pianello argues that he was denied effective assistance of counsel, in violation of his rights under the Sixth Amendment to the Constitution of the United States, and that the offense level increase in the Court's Guidelines calculation on account of loss amount was imposed unconstitutionally. (See Pet'r's Mot. to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 ("Mot.") at 2-4.) The Court will address each argument in turn.

As noted above, Pianello appealed his conviction out of time and, in fact, waived his right to appeal in his plea agreement. A defendant who does not make a timely appeal "ordinarily [is] procedurally barred from challenging his conviction. . . . [H]owever, a petitioner may overcome this procedural bar if he can demonstrate 'cause' and 'prejudice' or that he is 'actually innocent.'" Fountain v. United States, 357 F.3d 250, 254 (2d Cir. 2004). The procedural default rule does not, however, apply to claims of ineffective assistance of counsel. Id. Accordingly, the Court will examine Petitioner's ineffective assistance of counsel claim on the merits. Pianello cannot sustain his additional claim of error because, as explained below, he has waived both his underlying legal argument and his right to attack collaterally his sentence, and his legal argument is meritless in any event.

Pianello claims trial counsel's assistance was ineffective in that "counsel did not take it upon himself to file a 'notice of appeal' on behalf of Petitioner nor did [counsel] obtain a

'written waiver' from Petitioner stating that he did not wish to file an appeal." (Mot. at 2.) In addition, Pianello alleges that he "suffered prejudice due to counsel's failure to 'meet and confer' with him and discuss the positive and negative aspects of taking an appeal," and that he "suffered prejudice from counsel's failure to simply file the 'notice of appeal' on his behalf since his failure foreclosed an entire legal proceeding, that of 'direct appeal,' as an avenue for legal redress." (Id.)

The Sixth Amendment affords the defendant "[i]n all criminal prosecutions, . . . the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. To demonstrate ineffective assistance of counsel, Petitioner "must show that the attorney's performance fell below an objective standard of reasonableness and that the outcome of his case would have been different had the attorney performed adequately." Fountain, 357 F.3d at 254 (quoting United States v. Perez, 129 F.3d 255, 261 (2d Cir. 1997)). Proof of such deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner has made no such showing.

Even crediting Pianello's assertion that counsel failed to discuss appeal rights with him, Petitioner's assertion of ineffective assistance on this ground is frivolous. As noted above, Pianello's plea agreement specifically provided for the waiver of his rights to appeal and, indeed, to attack his sentence pursuant to Section 2255 if the Court sentenced him within or below the stipulated Guidelines range specified in the plea agreement. Pianello acknowledged that provision of the agreement during his plea allocution, and the Court found that he had made a knowing and voluntary waiver of his rights. (Plea Tr. at 20, 25.) The sentence imposed was at

the bottom of the 24-30 month stipulated range.

"Waivers of appellate rights are valid when they are entered into knowingly and intelligently, with the effective assistance of counsel." United States v. Montsalve, 388 F.3d 71, 73 (2d Cir. 2004). Petitioner proffers no contention that counsel's assistance in connection with the plea agreement was ineffective, nor would the record support such a contention. Accordingly, Petitioner's claim that counsel's assistance was ineffective because he failed to file an appeal notwithstanding a valid waiver of the right to appeal is frivolous and is rejected.

Pianello's claim that "his Fifth and Sixth Amendment rights as well as other 'substantial rights'" were violated in connection with the enhancements for loss amount and/or criminal history points utilized in the Court's Guideline calculations at sentencing is similarly frivolous. (Mot. at 3.) Citing Blakely v. Washington, Pianello argues that such "enhancements" are illegal, as "other than a prior conviction, any fact which increases the penalty for a crime must be charged in the indictment and either proven to a jury beyond a reasonable doubt or admitted to by the defendant." (Id. at 2.) Blakely provides no support for Petitioner's illegality argument, for the only enhancements imposed by the Court in calculating his Guideline sentence were based on his prior convictions and factual admissions. See Blakely, 542 U.S. 296, 124 S. Ct. at 2537. Pianello stipulated to the very loss amount figures, offense level increase, and criminal history findings to which he apparently claims counsel should have objected. Where a defendant is sentenced on the basis of facts he freely and knowingly admitted in his plea agreement, "the constitutional requirement of a sentence based solely on facts admitted by the defendant set forth in Blakely has been satisfied." Montsalve, 388 F.3d at 73.

## CONCLUSION

Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is denied. Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 2002). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West Supp. 2003); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is respectfully requested to close this matter.

Dated: New York, New York
       July 26, 2005

LAURA TAYLOR SWAIN
United States District Judge